IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BEAU JAMES MUSACCO,

    Petitioner,

v.                                             Civ. No. 14-683 MV/GBW

GERMAN FRANCO, *et al.*,

    Respondents.

## ORDER DENYING MOTION TO APPOINT COUNSEL

This matter is before the Court on Petitioner Beau Musacco's Motion for Appointment of Counsel. *Doc. 5*. Having reviewed the Motion, the Court finds that Petitioner's request for counsel should be denied.

"There is no constitutional right to appointed counsel in a civil case. However, '[t]he court may request an attorney to represent any person unable to afford counsel.'" *Baker v. Simmons*, 65 F. App'x 231, 238 (10th Cir. 2003) (quoting 28 U.S.C. § 1915(e)(1)) (other citations omitted). "The decision to appoint counsel is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). When deciding whether to grant a litigant's motion, the following factors guide the decision to appoint counsel in a civil case: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Thomas v. Brockbank*, 195 F. App'x 804, 807 (10th Cir. 2006) (quoting *Williams v. Meese*, 926 F. 2d 994, 996 (10th Cir. 1991)). Finally, the "burden is on the applicant to convince the court

that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

In considering Petitioner's motion for the appointment of counsel, the Court has carefully reviewed the Motion, relevant case law, and the pleadings filed in this case in light of the above-referenced factors.  As reasons for seeking counsel, Petitioner avers that he is currently confined in prison, is indigent, lacks knowledge of the law, and suffers from severe post-traumatic stress disorder, chronic anxiety, depression, and paranoia, "which are intensified by the irritation, frustration, and stress caused by trying fulfill the strict guildlines [sic] required for a federal habeas corpus."  *Doc. 5* at 1. To substantiate his alleged mental impairments, Petitioner provided a doctor's phone number.  *Id.*

Having considered Petitioner's arguments, the Court concludes that the applicable factors do not indicate that counsel should be appointed here.  To begin, Plaintiff's claims appear to lack merit as the same claims have been previously considered and denied in state court where Petitioner raised the very same arguments. *Doc. 3* at 3-4, 8.  The complexity of the claims also does not support appointing counsel to Petitioner.  Although difficult to meet, the standard for ineffective assistance of counsel is not difficult to apply.

Additionally, Petitioner appears capable of presenting his claims.  Despite his confinement, indigence, lack of knowledge of the law, and alleged mental impairments, Petitioner has been able to adequately present his claims thus far, correctly recounting

the legal standard for ineffective assistance of counsel, writing a ten-page argument applying that standard, and attaching, among other things, a transcript of his trial counsel's closing argument. *Doc. 3* at 9-18, 23-35. These filings demonstrate a sufficient understanding of the law and an ability to adequately articulate his legal position. *See docs. 1, 3.* Thus, in addition to appearing capable of presenting his case, Petitioner has not demonstrated that special circumstances exist to warrant appointing counsel. *See, e.g., McCarthy v. Weinberg* 753 F.2d 836, 837 (10th Cir. 1985) (holding district court erred in denying counsel where pro se plaintiff was "confined to a wheelchair," had poor eyesight, which was "deteriorating rapidly, [suffered] from a speech impediment, [had] lapses of memory and [was] unable to properly communicate his thought patterns.").

Wherefore, **IT IS HEREBY ORDERED** that Petitioner's Motion to Appoint Counsel is DENIED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE